IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                              Criminal No. **3:08CR392**

**ANTOINE L. ROBINSON,**

Petitioner.

## MEMORANDUM OPINION

Antoine L. Robinson, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 121.) Robinson argues that he is entitled to relief based on the following claims:

| | |
|---|---|
| Claim One: | "Petitioner is innocent of the habitual offender provisions of the [Armed Career Criminal Act] and related Career Offender provisions of the [United States Sentencing Guidelines ('U.S.S.G.')]." (§ 2255 Mot. 5.) |
| Claim Two: | Counsel rendered ineffective assistance by failing "to object to the use of an alternate count in a prior case that had been consolidated for judgment as a predicate for enhancement as a career offender." (*Id.* at 6.)[1] |
| Claim Three: | "The [Bureau of Prisons] misinterpreted a factor used by this Court to enhance his sentence and subsequently prohibit the Petitioner from gaining the benefit of [the Residential Drug Abuse Program ('RDAP')]." (*Id.* at 7–8.) |

The Government has responded. The matter is ripe for judgment.

## I. PROCEDURAL HISTORY

On September 3, 2008, a grand jury indicted Robinson for one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine base (Count One), distribution of heroin (Count Two), possession with intent to distribute heroin (Count Three), possession

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

with intent to distribute cocaine base (Count Four), conspiracy to possess firearms in furtherance of a drug trafficking crime (Count Five), and possession of firearms in furtherance of a drug trafficking crime (Count Six). (Indictment 1–5, ECF No. 1.) On January 15, 2009, a jury found Robinson guilty of Counts One, Two, and Three, not guilty of Count Four, and reached no verdict on Counts Five and Six. (Jury Verdict 1–2, ECF No. 35.) The Court later dismissed Counts Five and Six on the Government's motion. (J. 1, ECF No. 62.)

The Presentence Report ("PSR") calculated Robinson's base offense level as 18, found a two-point enhancement applicable for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), which resulted in an offense level of 20. (PSR Worksheet A, at 1.) Robinson had a criminal history category of V. (PSR Worksheet D, at 1.) Robinson was found to be a career offender based on prior felony convictions for possession with intent to distribute cocaine as an accommodation, eluding police, and obstruction of justice. (*See* PSR ¶¶ 32, 45; U.S.S.G. §§ 4B1.1 and 4B1.2 (2008).[2]) Robinson's offense level increased to 32 and his criminal history category increased to VI. (PSR Worksheet D, at 1.) Robinson's sentencing range was 210 to 262 months of incarceration. (*Id.*)

Counsel for Robinson objected to the application of the career offender guideline arguing that Robinson's prior convictions failed to qualify as crimes of violence, thus, Robinson lacked

---

[2] Under U.S.S.G. § 4B1.1 "[a] defendant is a career offender if . . . [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (2008). Robinson raises no challenge to the use of his prior drug distribution conviction in the career offender finding. Robinson only challenges the finding that he possesses a crime of violence as discussed in Part II. Section § 4B1.2 provides:
> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

2

two prior qualifying felony convictions. (Def's Objs. 1–3, ECF No. 44; July 15, 2009 Tr. 4–7.) Counsel also objected to the assessment of a two-level firearm enhancement. (Def's Objs. 1–2.) Finally, counsel moved for a variant sentence of sixty months. (Def's Pos. Sentencing 5, ECF No. 59.) During sentencing, counsel specifically objected to the career offender finding "because one of the predicate felonies was for an obstruction of justice or felony eluding," and the Government offered no evidence "to suggest that the underlying conduct was one that posed a risk of dangerous harm or imminent - - or injury to an individual." (July 15, 2009 Tr. 4–5.) The Court overruled counsel's objection and found Robinson to be a career offender, but then granted the downward variance and sentenced Robinson to 120 months of imprisonment.

Robinson appealed. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence, and found, *inter alia*, no error in "applying a firearms enhancement to his sentence ... [or] by sentencing him as a career offender." *United States v. Robinson*, 395 F. App'x 931, 933 (4th Cir. 2010).

## II.   SENTENCING CLAIMS

In Claim One, Robinson argues that he "is innocent of the habitual offender provisions of the [Armed Career Criminal Act] and related Career Offender provisions of the [U.S.S.G.]. (§ 2255 Mot. 5.) To the extent Robinson contends that he is innocent of the Armed Career Criminal Act, 18 U.S.C. § 924(e), Robinson was not convicted of any offense under 18 U.S.C. § 924(e), thus, any reference to that provision is inapplicable. Robinson also contends that his prior felony obstruction of justice conviction fails to qualify as a crime of violence under U.S.S.G. § 4B1.2. Robinson claims that "[a]lthough counsel was requested to raise this issue on appeal, he refused to do so." (Mem. Supp. § 2255 Mot. 12.) Accordingly, Robinson seemingly concedes that the claim is procedurally defaulted. (*See id.* at 12–13.) Nevertheless, Robinson

3

explains that when counsel refused to raise his claim on appeal, Robinson submitted a *pro se* appellate brief to the Fourth Circuit. (*See id.* at 10, 14.) Robinson states that "[i]n his supplemental *pro se* filing, [he] raised the issues originally addressed to counsel. Among them, [he] claimed the district court erred by enhancing him for being a career offender" based on the "obstruction of justice charge." (*Id.* at 9–10.) The Fourth Circuit explained that it had reviewed the claims in Robinson's *pro se* brief, including the claim "that the district court erred by sentencing him as a career offender" and "conclude they are without merit." *United States v. Robinson*, 395 F. App'x 931, 933 (4th Cir. 2010).

Accordingly, as Robinson admits, the Fourth Circuit rejected Robinson's Claim One on direct review. *See id.*; (Mem. Supp. § 2255 Mot. 11.) Robinson fails to direct the Court to an intervening change in the law that would permit him to re-litigate these claims. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).[3] Thus, the Fourth Circuit's ruling bars collateral review of

---

[3] In support of his argument, Robinson cites *Johnson v. United States*, 559 U.S. 133 (2010), a case Robinson admits the Supreme Court decided "[w]hile the instant matter was on direct review in the Fourth Circuit . . . ." (Mem. Supp. § 2255 Mot. 16.) Thus, any argument under *Johnson* was available to Robinson during his appeal. In his Supplemental Brief, Robinson tersely states that a recent Supreme Court case, *Descamps v. United States*, 133 S. Ct. 2276 (2013), "provides a cogent and compelling discussion of the controlling issues in this case," but fails to provide any argument in support. This alone warrants dismissal. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Moreover, the Court fails to discern how *Descamps* applies to Robinson's prior felony obstruction of justice conviction that is categorically a crime of violence.

"In assessing whether an offense constitutes a crime of violence under the Sentencing Guidelines, two types of analyses are potentially applicable—known as the categorical approach and the modified categorical approach." *United States v. Chisholm*, No. 13–4177, --- Fed. App'x ----, 2014 WL 3720005, at *2 (4th Cir. 2014) (citation omitted). *Descamps* placed limitations on the use of the modified categorical approach, not the categorical approach, and explained that a Court may not use the modified categorical approach for statutes that contain a single indivisible set of elements. *See id.* at *2–3 (quoting *Descamps*, 133 S. Ct. 2281, 2285).

Here, as Robinson readily admits, (Ans. 3–4, ECF No. 126) the Court used the categorical approach "consider[ing] the offense generically, that is to say, [it] examined[d] it in

4

Claim One. *Linder*, 552 F.3d at 396–97. Robinson "may not circumvent a proper ruling on [his direct appeal claims] by re-raising the same challenge[s] in a § 2255 motion." *Id.* at 396 (citations omitted). Accordingly, Claim One will be DISMISSED.

In Claim Three, Robinson states "Miscarriage of Justice . . . The [Bureau of Prisons] misinterpreted a factor used by this Court to enhance his sentence and subsequently prohibit the Petitioner from gaining the benefit of RDAP." (§ 2255 Mot. 7–8.) Robinson fails to clearly challenge the legality of his conviction or sentence. Instead, it appears that he seeks to challenge the Bureau of Prison's execution of his sentence.

In his brief, Robinson discusses how the witness who testified at trial about purchasing heroin "admitted he never actually viewed a gun during any transaction." (Mem. Supp. § 2255 Mot. 28.) Robinson argues that he "did not possess or brandish any firearms in commission of the instant offense." (*Id.* at 30.) Robinson then states that he has been excluded from RDAP, a Bureau of Prisons program that may result in an early release from incarceration, because of his two-level enhancement for possession of a firearm. (*Id.*) Thus, Robinson contends that "the BOP's definition of defendants who receive enhancements for weapons possession does not reflect the Court's finding in this instance," and his exclusion from RDAP is a miscarriage of justice. (*Id.* at 31–32.)

---

terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 495 U.S. 137, 141 (2008) (citation omitted); *see Chisholm*, 2014 WL 3720005, at *2. Here, the pertinent Virginia obstruction of justice statute provides: "If any person by threats of bodily harm or force knowingly attempts to intimidate or impede . . . any law-enforcement officer, lawfully engaged in the discharge of his duty . . . he shall be guilty of a Class 5 felony." Va. Code Ann. § 18.2-460(C). The Court looked to the statute itself as instructed by *Begay*, and determined that Robinson's conviction "is by definition a crime of violence . . . ." (July 15, 2009 Tr. 10–11.) Robinson fails to explain or supply an alternative reading of the statute that would cast doubt on the Court's conclusion that felony obstruction of justice is categorically a crime of violence.

5

To the extent Robinson wishes to challenge the BOP's execution of his sentence, he must bring such a claim pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (observing that, "attacks on the execution of a sentence are properly raised in a § 2241 petition"); *see, e.g., Fuller v. Moore*, No. 97–6390, 1997 WL 791681, at *1 (4th Cir. Dec. 29, 1997) (challenging under § 2241 the BOP's exclusion of inmates with firearm enhancements from early release programs). This Court lacks jurisdiction to entertain a writ of habeas corpus pursuant to § 2241. Judicial review of a § 2241 petition must be sought in the district of confinement rather than the sentencing court. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Accordingly, Claim Three will be DISMISSED WITHOUT PREJUDICE.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two, Robinson states that "[c]ounsel failed to object to the use of an alternative count in a prior case that had been consolidated for judgment as a predicate for enhancement as a career offender." (Mem. Supp. § 2255 Mot. 20.) Robinson explains that the PSR "recommended that Mr. Robinson be sentenced under the Career Offender provisions of the Guidelines due to a prior conviction for eluding the police," however, the Government filed no objection to this conclusion, but then later stated in its Position that the "PS[R] recommended the Obstruction charge as an alternative predicate offense for the Career Offender enhancement and that the defense objected to the same." (*Id.* at 21.) Robinson contends that "where the PS[R] listed the Petitioner's prior conviction for eluding police as the predicate for classification as a career offender, and where the finding was adopted by the Government, this determination could not then be substituted later by another count of conviction from the same criminal action." (*Id.* at 23.)

Robinson fails to satisfy either prong of *Strickland*. First, the PSR indicated that Robinson had three convictions that qualified under U.S.S.G. § 4B1.1(a) as prior predicate felony convictions. (*See* PSR ¶¶ 32, 45.) Robinson provides no legal support for his proposition that the Government could not "substitute" felony eluding for obstruction of justice. Counsel reasonably eschewed advancing this argument. Moreover, Robinson alleges no facts indicating that counsel's performance was deficient or resulting prejudice. Instead, to the contrary, the record demonstrates that counsel moved for a variant sentence and objected to the career offender finding. As previously discussed, counsel specifically objected to the career offender finding "because one of the predicate felonies was for an obstruction of justice or felony eluding," and the Government offered no evidence "to suggest that the underlying conduct was one that posed a risk of dangerous harm or imminent - - or injury to an individual." (July 15,

7

2009 Tr. 4–5.) The Court overruled counsel's objection and found Robinson to be a career offender, but then granted the downward variance and sentenced Robinson to 120 months. Because Robinson demonstrates no deficiency of counsel or resulting prejudice from any purported error of counsel, Claim Two will be DISMISSED.

### III. CONCLUSION

Robinson's § 2255 Motion will be DENIED. The action is DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/26/14
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Robinson has not satisfied this standard.

8